UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM R. WHITE,      )
                       )
    Plaintiff,         )
                       )
    v.                 )   Civ. Action No. 03-0937 (RJL)
                       )
JO ANNE B. BARNHART,   )
                       )
    Defendant.         )

### MEMORANDUM OPINION
(June 28, 2006) [#8, #11]

This is an action by a District of Columbia resident seeking a reversal of the Social Security Administration's ("SSA") final decision that plaintiff, William R. White, was not eligible for disability insurance benefits or supplemental security benefits as an Administrative Law Judge ("ALJ") found that plaintiff was not under a disability. Now before the Court is plaintiff's Motion for Judgment of Reversal and defendant's Motion for Judgment of Affirmance. For the reasons set forth below, plaintiff's motion is hereby DENIED and defendant's motion is hereby GRANTED.

### BACKGROUND

On October 12, 2000, plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income alleging that he became disabled and unable to work on August 11, 2000, due to carpal tunnel syndrome, a crushed right hand, and arthritis. (Administrative Record ("AR.") at 18.) The SSA denied his application, as well



as his request for reconsideration, on the grounds that plaintiff was expected to improve within twelve months. (Compl. ¶¶ 6-7.) Plaintiff requested an administrative hearing, (AR. at 18), and on February 28, 2002, the ALJ found that plaintiff was not eligible for disability insurance benefits or supplemental security benefits on the grounds that he was not disabled. (AR. at 26-27.)  Plaintiff requested a review of the ALJ's decision, (AR. at 8), and on February 21, 2003, the Appeals Council denied plaintiff's request, thereby affirming the ALJ's decision and making it the final decision of the Commissioner for purposes of judicial review. (AR. at 4-5.) Plaintiff filed this action seeking reversal of the Commissioner's final decision on April 25, 2003, on the grounds that the ALJ failed to apply the correct legal standards in assessing plaintiff's allegations of pain as required by 20 C.F.R. §§ 404.1529, 416.929, and that the ALJ failed to base his decision on substantial evidence. (Compl. ¶¶ 13-14.)

## ANALYSIS

In reviewing an ALJ's decision, the District Court must affirm that decision if there is "substantial evidence" in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Brown v. Bowen*, 794 F.2d 703, 705 (D.C. Cir. 1986); *Jackson v. Barnhart*, 271 F. Supp. 2d 30, 33 (D.D.C. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Moreover, this Court must determine whether the ALJ correctly applied the relevant legal

standards. *See Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted); *Jackson*, 271 F. Supp. 2d at 33 ("Even if supported by substantial evidence . . . the court will not uphold the Commissioner's findings if the Commissioner reached them by applying an erroneous legal standard."). This Court must "carefully scrutinize the entire record," *Jackson*, 271 F. Supp. 2d at 34 (quoting *Davis v. Heckler*, 566 F. Supp. 1193, 1195 (D.D.C. 1983)); *accord Brown*, 794 F.2d at 705, to determine whether the ALJ "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits." *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989) (quoting *Stewart v. Sec'y of HEW*, 714 F.2d 287, 290 (3d Cir. 1983)).

When evaluating a claim of disability, the SSA conducts a five step inquiry to determine if the claimant suffers from a "disability."[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). In step one, the claimant must show that he is not presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not gainfully employed, the ALJ advances to step two and inquires whether the claimant has a "severe impairment" which "specifically limits [his] . . . ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the ALJ determines that the claimant has a severe impairment, step three requires the ALJ to determine whether the claimant's impairment "meets or equals" an impairment listed in the regulations, thereby permitting a conclusive finding of

---

[1] A "disability" is defined by the regulations as the "inability to engage in any substantial gainful activity by reason of any medically determinable . . . impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A).

disability. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the impairment does not match one on the regulatory list, then under step four the claimant must demonstrate that he is incapable of performing his previous work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant makes the necessary showing, then the burden shifts to the Commissioner to show that the claimant can do "other work," *Jackson*, 271 F. Supp. 2d at 34, considering his age, education, past work experience, and residual functional capacity ("RFC"). *See* 20 C.F.R. §§ 404.1520(f)-(g), 416.920(f)-(g).

During this final step, the Commissioner may use the services of a vocational expert or other specialist to determine whether an applicant's work skills can be used in "other work" and the specific occupations in which they can be used. 20 C.F.R. §§ 404.1566(e), 416.966(e). If she chooses to use such an expert, "the [ALJ] must accurately describe the claimant's condition in any question the [ALJ] poses to the vocational expert." *Jackson*, 271 F. Supp. 2d at 34 (citing *Simms*, 877 F.2d at 1050). In addition, the ALJ must include the plaintiff's subjective claims of pain in the hypothetical questions posed to the vocational expert. *Wilks v. Apfel*, 113 F. Supp. 2d 30, 33 (D.D.C. 2000). If the ALJ determines that the applicant can engage in "other work," then the applicant is not disabled under the regulations. 20 C.F.R. §§ 404.1520(g), 416.920(g).

In determining whether a given claimant is disabled, the ALJ must evaluate all the relevant evidence, including examples of debilitating pain "and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and

other evidence," 20 C.F.R. § 404.1529(a); *accord* 20 C.F.R. § 416.929(a), because failing to consider subjective evidence of pain is grounds for remand. *Diabo v. Sec'y of Health, Educ., & Welfare*, 627 F.2d 278, 282 (D.C. Cir. 1980). The ALJ must also explain how he/she weighs the evidence in the record against the plaintiff's subjective complaints of pain and how he/she determines that the pain is not credibly disabling. *Wilks*, 113 F. Supp. 2d at 33 (citing *Taylor v. Heckler*, 595 F. Supp. 489, 492 (D.D.C. 1984)).

Finally, the regulations provide that an applicant's statements about pain or other symptoms are **insufficient** to establish that the applicant is disabled. 20 C.F.R. §§ 404.1529(a), 416.929(a). There is a two-step process for analyzing and weighing this type of evidence. *Butler*, 353 F.3d at 1004. First, "[m]edical signs and laboratory findings . . . must show the existence of a medical impairment(s) . . . which could reasonably be expected to produce," 20 C.F.R. §§ 404.1529(b), 416.929(b), "the actual pain, in the amount and degree, alleged by the claimant." *Butler*, 353 F.3d at 1004 (citing *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996)). If the claimant passes this threshold, the ALJ assesses the persistence and intensity of the claimant's pain as well as the extent to which it impairs his ability to work.[2] 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *Butler*, 353 F.3d at 1004. This assessment requires the ALJ to make a determination as to the credibility of the applicant's subjective claims of pain and its functional effects. *Butler*, 353 F.3d at 1005 (citing SSR 96-

---

[2] The applicant's "symptoms, including pain, will be determined to diminish [his] capacity for basic work activities [only] to the extent that [his] alleged functional limitations and restrictions due to . . . pain . . . can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4); *accord* 20 C.F.R. § 416.929(c)(4); *see Butler*, 353 F.3d at 1005.

7p, *Evaluation of Symptoms in Disability Claims; Assessing the Credibility of An Individual's Statements*, 1996 WL 374186, at *1 (SSA July 2, 1996)). "The ALJ's decision 'must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.'" *Butler*, 353 F.3d at 1005 (quoting SSR 96-7p, 1996 WL 374186, at *2). Finally, the ALJ must explain all findings. *Brown*, 794 F.2d at 708; *see Butler*, 353 F.3d at 1002; *see also Martin v. Apfel*, 118 F. Supp. 2d 9, 15 (D.D.C. 2000).

A.  **Review of ALJ's Decision**

In this case, the ALJ properly applied the five-step analysis to determine whether plaintiff is disabled. First, the ALJ found that plaintiff has not engaged in substantial gainful activity since the onset of his alleged impairment. (AR. at 19.) Although the ALJ found that plaintiff suffered from a severe impairment, the impairments did not meet or equal any of the impairments listed in the regulation that are presumptively disabling. (*See id.*) The ALJ also determined that while plaintiff could not perform any of his past relevant work, he had the RFC to engage in "less than a full range of light work." (AR. at 22-23.) Finally, relying on the testimony of a vocational expert, the ALJ found that, despite plaintiff's limitations, a significant number of jobs exist in the national economy that plaintiff can perform, and, therefore, plaintiff is not disabled. (AR. at 24.)

Plaintiff alleges the following errors in the ALJ's findings: First, plaintiff argues that the ALJ failed to apply the correct and appropriate legal standards in assessing plaintiff's allegations of pain. (Compl. ¶ 12.) Second, plaintiff argues that the ALJ's decision was not supported by substantial evidence in the record. (Compl. ¶ 14.) For the following reasons, the Court disagrees as to both.

First, the ALJ properly considered the plaintiff's allegations of pain. The ALJ found that the medical evidence shows that plaintiff suffers from conditions from which it could be reasonable to conclude that they cause the kind of pain and exertional limitations that the plaintiff described. (AR. at 22.) Then, after the ALJ made explicit findings regarding the objective medical evidence on record, he found that "[t]he claimant's allegations of subjective symptoms and the severity of the limitations arising therefrom are fairly credible, but only to the extent that they restrict him to less than the full range of light work." (AR. at 25.) Not only is this explicit finding consistent with the relevant regulations, 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4), but also, this finding demonstrates that the ALJ applied the proper legal standard of our Circuit Court. *Butler*, 353 F.3d at 1005 (applying 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4), to find that an "applicant's allegations of pain will be 'determined to diminish [his] capacity for basic work activities' only insofar as [his] 'alleged functional limitations and restrictions due to . . . pain . . . can reasonably be accepted as consistent with the objective medical evidence and other evidence.'"). Accordingly, the plaintiff's first argument for reversal must fail.

7

Plaintiff's remaining argument is that the ALJ's decision was not supported by substantial evidence. (Compl. ¶ 14.) In particular, plaintiff argues that the evidence put forth by the vocational expert that the claimant has the RFC to perform his past or other work, for which a significant number of jobs exist in the national economy is not "substantial." (Pl.'s Mot. for J. of Reversal 10-12.) The Court disagrees and finds that there is substantial evidence in the record which supports the ALJ's decision, as the ALJ properly included plaintiff's subjective claims of pain in the hypothetical questions posed to the vocational expert. Indeed the ALJ's questions to the vocational expert were sufficiently thorough.

In our Circuit, if the ALJ relies on the "opinion of a vocational expert in determining the plaintiff's ability to perform 'other work' than he has done before, the ALJ must accurately describe the claimant's physical impairments in any question posed to the expert." *Simms*, 877 F.2d at 1050. "Those impairments include subjective claims of pain." *Wilks*, 113 F. Supp. at 33 (citing *Diabo*, 627 F.2d at 281-83) (finding that the ALJ's failure to mention altogether plaintiff's subjective claims of pain in the hypothetical questions posed to the vocational expert constituted reversible error). Here, the vocational expert was present throughout the plaintiff's testimony at the administrative hearing. (AR. at 63.) That testimony included the effect of pain and prescribed medication on his ability to do work. (AR. at 42-47, 49, 57-60.) After plaintiff had testified, the ALJ asked the vocational expert what work plaintiff could do *assuming* full credibility was given to plaintiff's testimony and that it was supported by medical evidence. (AR. at 67.) The vocational expert stated that

there were no jobs plaintiff could perform under those circumstances. (*Id.*) Thus, in asking this question, the ALJ asked the vocational expert to consider the plaintiff's subjective claims of pain and thereby satisfied the requirement of *Wilks*.[3] *See* 113 F. Supp. 2d at 33.

While the ALJ is required to include plaintiff's claims of pain in the hypothetical questions posed to the vocational expert, *id.*, there is no case law that suggests he must include all of plaintiff's symptoms in one single question. Nor is the ALJ required to adopt plaintiff's claims of pain as credible in their entirety. *Butler*, 353 F.3d at 1004 (indicating that the court's evaluation of an applicant's pain incorporates not only the applicant's statements about his pain, but also any other available evidence). Here, the ALJ included plaintiff's subjective claims of pain in the hypothetical questions posed to the vocational expert by asking her to consider plaintiff's testimony as fully credible and supported by the medical evidence. (AR. at 67.) Ultimately, the ALJ found that plaintiff's claims of pain were credible **only** to the extent that they restrict the plaintiff to a light range of work. (AR. at 25.) The vocational expert testified that there are a significant number of jobs in the national economy that plaintiff could perform, (AR. at 63-67), and the ALJ adopted this finding as credible in his opinion. (AR. at 26.) Accordingly, the vocational expert's testimony provides substantial evidence in support of the ALJ's determination that plaintiff is not disabled.

---

[3] The ALJ also posed hypothetical questions that included plaintiff's limitations that were supported by the objective medical evidence in the record. (AR. at 64-66.) To those questions, the vocational expert stated that there were light and sedentary jobs that plaintiff could perform. *Id.*

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion for Judgment of Affirmance and DENIES plaintiff's Motion for Judgment of Reversal. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge